UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL JAMES JENSEN,
    *Plaintiff*,

v.

ANGEL QUIROS and DAN PAPOOSHA,
    *Defendants*.

No. 3:20-cv-1598 (JAM)

**ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Michael James Jensen is a prisoner in the custody of the Connecticut Department of Correction ("DOC"). He has filed a complaint under 42 U.S.C. § 1983 against two prison officials alleging that they should be liable to him as a result of his diagnosis with COVID-19. I will dismiss the complaint without prejudice on the ground that it does not allege sufficient facts to suggest that any of the named defendants violated his constitutional rights.

## BACKGROUND

The complaint names as defendants the DOC Commissioner and a captain with the DOC.[1] The complaint alleges as follows: "On April of 2020 I was diagnosed with COVID-19. I feel the Department failed to protect me by not providing proper P.P.E., and failed to properly protect me from others who became sick prior to my [being] diagnosed." Doc. #1 at 5. The complaint has no additional allegations.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss

---

[1] The complaint misspells the name of the defendant DOC Commissioner as "Angel Queros" rather than "Angel Quiros," and the Clerk of Court shall amend the caption to correctly spell this name. The Clerk of Court shall also correct the spelling of Jensen's name on the docket.

1

the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

The Supreme Court has long recognized that prison officials violate the Eighth Amendment if they are deliberately indifferent to a substantial risk of serious harm or to the serious medical needs of a sentenced prisoner. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). In order to establish an Eighth Amendment claim of deliberate indifference to safety, a prisoner must show that: (1) he was subject to conditions of confinement that posed an objectively serious risk of harm, as distinct from what a reasonable person would understand to be a minor risk of harm; and (2) a defendant prison official acted not merely carelessly or negligently but with a subjectively reckless state of mind akin to criminal recklessness (*i.e.*, reflecting actual awareness of a substantial risk that serious harm to the prisoner would result). *See Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020); *Collazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011) (*per curiam*).

Even assuming that the risks from COVID-19 are sufficiently serious, the very spare allegations of the complaint do not detail grounds to conclude that any prison officials acted deliberately or recklessly rather than negligently to put Jensen at risk of harm. Moreover, the complaint does not allege any facts to suggest the personal involvement of any particular defendant with respect to the harm alleged. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Accordingly, the complaint does not allege facts to give rise to plausible grounds for relief under the Eighth Amendment.

## CONCLUSION

The Court DISMISSES the complaint without prejudice pursuant to 28 U.S.C. § 1915A. The Court DENIES the motion to appoint counsel (Doc. #4) as moot in light of its dismissal of this action. The Clerk of Court shall close this case. If Jensen believes that he is able to allege facts that show that any named defendant acted intentionally or recklessly to subject him to harm, then he may file a motion to reopen and an amended complaint alleging additional facts by **November 30, 2020**.

It is so ordered.

Dated at New Haven this 5th day of November 2020.

                                                        /s/ *Jeffrey Alker Meyer*
                                                        Jeffrey Alker Meyer
                                                        United States District Judge